**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 1:19-CR-91-HAB |
| ) | |
| ARIC H. STARNES ) | |

**OPINION AND ORDER**

Defendant is set for sentencing on October 8, 2020. Now before the Court are sentencing memoranda from the parties. (ECF Nos. 98, 102, 104). The sentencing memoranda raise two issues: is Starnes entitled to a mitigating role reduction under USSG § 3B1.2; and is Starnes entitled to acceptance of responsibility under USSG § 3E1.1. The issues are now fully briefed and ripe for determination.

**A.      Factual Background**

The relevant facts are not in dispute and are contained in paragraphs 10 through 12 of the final Presentence Investigation Report (ECF No. 96). In August 2019, Defendant began contacting a confidential source ("CS") trying to get the CS to distribute methamphetamine. The CS discussed pricing with Defendant, at which time Defendant advised that his source would lower the price if the CS purchased in bulk. A drug deal was coordinated for August 28, 2019, with Defendant meeting the CS at a residence and then traveling to the delivery location. The CS picked up Defendant on the designated day and the two drove to a tattoo shop. Once there, Defendant exited his vehicle and got into a black Pontiac Grand Prix. Defendant's source, Lauren Grant, was in the Grand Prix. Defendant then returned and gave the CS an ounce of methamphetamine.

On September 4, 2019, the CS contacted Defendant to set up another methamphetamine deal. Defendant told the CS that Grant only wanted to deal in "good" methamphetamine and that

the deal could take place in an hour. After the conversation, Defendant picked up Grant at a gas station and drove her to a residence where the CS was located. After Defendant made the introductions, the CS and Grant negotiated a deal for 2.5 ounces of methamphetamine. Defendant was paid $50 for setting up the deal.

The CS performed an additional controlled buy from Grant on October 1, 2019. Defendant was not involved in this deal.

Following his arrest, Defendant petitioned this Court for pretrial release, citing his susceptibility to severe complications should he contract COVID-19. Defendant was granted release subject to conditions. He was to remain at his mother's home, refrain from using any controlled substance or committing new crimes, and he was not to have any contact with the CS. Only hours after his release, Defendant contacted the CS and asked her to come to his mother's home. When the CS declined, Defendant went to the CS' home and pushed his way through the door. Defendant asked for, and received, a line of methamphetamine. Defendant and the CS then discussed continued drug sales, with the CS stating that she did not sell drugs anymore and Defendant advising that he could find a new supplier, as well as the identity of an individual potentially cooperating with law enforcement. The CS reported the contact to the DEA and advised that she was very frightened by the encounter.

**B.    Legal Discussion**

**1.    *Defendant is not Entitled to a Mitigating Role***

Defendant first argues that he is entitled to a mitigating role under USSG § 3B1.2. This section provides:

> Based on the defendant's role in the offense, decrease the offense level as follows:
>
> (a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.

> (b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.
>
> In cases falling between (a) and (b), decrease by 3 levels.

USSG § 3B1.2. Defendant asserts that he was a minor participant in the criminal activity, entitling him to a two-level adjustment. The Application Notes advise that a minor participant is someone who "is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal." *Id*, n. 5.

The Court concedes that Defendant is less culpable than Grant but nonetheless finds that Defendant is not entitled to a minor role reduction. An individual who sets up drug transactions between two otherwise unacquainted individuals plays an "indispensable role in the conspiracy." *United States v. Boyer*, 931 F.2d 1201, 1205 (7th Cir. 1991). Indeed, the Seventh Circuit has repeatedly held that individuals who broker drug transactions are not entitled to minor role reductions. *See*, *e.g.*, *United States v. Cea*, 963 F.2d 1027, 1032 (7th Cir. 1992) (defendant put agent in touch with supplier, negotiated prices, and personally met with the participants prior to the transaction); *United States v. Brick*, 905 F.2d 1092, 1095 (7th Cir. 1990) (defendant conducted first transaction, was present for subsequent transactions, and received small profit).

Here, the Court finds it difficult to imagine how the transactions would have occurred without Defendant's involvement. Defendant is the one who introduced Grant to the CS, negotiated the prices, and physically conducted the first transaction. He was physically present for the second transaction. Defendant's conduct, then, does not align with someone who is "less culpable than most other participants in the criminal activity."

This conclusion is further supported by the list of factors contained in the Application Notes. In determining whether a defendant is entitled to a mitigating role, courts are to consider:

3

      (i) the degree to which the defendant understood the scope and structure of the criminal activity;

      (ii) the degree to which the defendant participated in planning or organizing the criminal activity;

      (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;

      (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;

      (v) the degree to which the defendant stood to benefit from the criminal activity.

USSG § 3B1.2, n. 3(C).

      Considered as a whole, these factors support the denial of a mitigating role reduction. Defendant introduced the parties and negotiated the prices, demonstrating that he understood the scope and structure of the criminal activity and that he participated in the planning and organization of the criminal activity. While Defendant likely had little decision-making authority, he was an active participant in the commission of the criminal activity; he physically performed the first transaction and facilitated the meeting for the second. Finally, although Defendant received only $50 from the proceeds of the second transaction, the entire purpose of the CS selling methamphetamine was to benefit Defendant. The evidence suggests that he needed the proceeds from the CS' drug sales because he had "gotten behind," presumably on drug debts. Defendant may not have benefitted significantly by the time the operation was broken up, but he clearly contemplated that he would in the future.

      The Court understands Defendant's argument that he is an addict and that his conduct in this case was the product of that addiction. Indeed, the Court cannot disagree. But USSG § 3B1.2 tasks the Court with evaluating the scope of Defendant's participation, not the rationale behind it. On the facts before the Court Defendant played an active role in the criminal conduct, one that

4

cannot be described as minor. His request for a mitigating role reduction under USSG § 3B1.2 is DENIED.

**2.     *Defendant is not Entitled to a Reduction for Acceptance of Responsibility***

The second issue before the Court is whether Defendant is entitled to a reduction for acceptance of responsibility under USSG § 3E1.1(a). Under this section, "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels." USSG 3E1.1(a). The Government claims that Defendant is not entitled to this reduction in light of his conduct during pretrial release.

Defendant, understandably, wants the Court to focus on his prompt plea to the charges against him. True, the entry of a guilty plea does "constitute significant evidence of acceptance of responsibility." *Id*., n. 3. However, that evidence "may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility. A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right." *Id*.

Here, the Court finds that Defendant's guilty plea is outweighed by his actions while on pretrial release. Violations of the conditions of bond can forfeit one's right to the benefit of a guilty plea. *United States v. Horn*, 635 F.3d 877, 879 (7th Cir. 2011). So, too, can witness tampering, *United States v. Grap*, 368 F.3d 824, 830–31 (8th Cir. 2004), and drug use, *United States v. Kirkland*, 28 F.3d 49, 51 (7th Cir. 1994); *United States v. McDonald*, 22 F.3d 139, 141–42 (7th Cir. 1994). Defendant's conduct in visiting the CS[1] contrary to the terms of his pretrial release, using methamphetamine, and discussing potential cooperators, arguably amounts to all three.

---

[1] Defendant notes that he and the CS "love each other," as evidenced by post-arrest communications between the two. (ECF No. 104 at 7). Be that as it may, Defendant was ordered to have no contact with the CS, with no provision for violating this term of release if he and the CS loved one another. Their toxic relationship, then, has no bearing on Defendant's offense level.

5

Defendant must also overcome the undisputed enhancement of his sentence for obstruction of justice under USSG § 3C1.1. Where that enhancement applies, an adjustment of acceptance of responsibility is appropriate only in "extraordinary cases." USSG § 3E1.1, n. 4; *see also United States v. Eske*, 925 F.2d 205, 208 n.3 (7th Cir. 1991) ("It cannot be clearly erroneous for a sentencing judge to deny a downward departure for acceptance of responsibility when the judge has already found that the defendant has willfully obstructed justice.").

Defendant argues that the pandemic is the extraordinary circumstance that should permit him to receive the reduction. The Court struggles to see how this could be the case. The pandemic may have been the reason Defendant was able to commit the conduct that supports the obstruction enhancement, but it was certainly not the cause of the conduct. Instead, this is a simple case of a defendant continuing his criminal conduct and associations even after he has been arrested for a federal crime. This is precisely the type of conduct that can be used to strip a defendant of acceptance of responsibility. *See* USSG § 3E1.1, n. 1(B).

Finally, Defendant argues that his sentencing range will be excessive if he is stripped of the acceptance of responsibility. Whether or not this is true is irrelevant. When sentencing, this Court must first calculate the correct Guidelines range. *United States v. Panice*, 598 F.3d 426, 441 (7th Cir. 2010). Only after determining that range can a court consider what sentence is appropriate in light of the statutory sentencing factors. *Id*. Thus, the Court may conclude that the revised sentencing range overstates Defendant's conduct and background, but that conclusion is neither here nor there for the purposes of USSG § 3E1.1. The Government's request that Defendant be denied a reduction under USSG § 3E1.1(a) is GRANTED.

**C.     Conclusion**

For the foregoing reasons, the Court concludes that Defendant is not entitled to an offense level reduction under USSG §§ 3B1.2 or 3E1.1. The probation officer is DIRECTED to prepare a revised Presentence Investigation Report consistent with this Opinion and Order.

SO ORDERED on September 28, 2020.

 s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT